**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GARY GILCHRIST,<br><br>        Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,<br><br>        Defendant. | Civil Action No. 2:16-cv-09209 (JLL)<br><br>OPINION |

**LINARES**, Chief Judge.

Before this Court is Gary Gilchrist (hereinafter "Plaintiff" or "Claimant")'s appeal, which seeks review of Administrative Law Judge ("ALJ") Donna A. Krappa's denial of Plaintiff's application for disability insurance benefits and supplemental security income under the Social Security Act (the "Act"). The Court's jurisdiction to review Plaintiff's appeal falls under 42 U.S.C. § 405 (g). The Court has considered the submissions made in support of and in opposition to the instant appeal and decides this matter without oral argument pursuant to Local Civil Rule 9.1(f). For the reasons set forth below, the Court remands this matter for further proceedings before the ALJ consistent with this Opinion.

## I. BACKGROUND[1]

The Court writes for the parties who are familiar with the facts and procedural history of the case. The Court therefore specifically addresses in the discussion below only those facts relevant to the issues raised on appeal.

## II. STANDARD OF REVIEW[2]

This court must affirm the ALJ's decision if it is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and "[i]t is less than a preponderance of the evidence but more than a mere scintilla." *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004). The "substantial evidence standard is a deferential standard of review." *Id.* The ALJ is required to "set forth the reasons for his decision" and not merely make conclusory unexplained findings. *Burnett v. Comm'r of Soc. Sec,* 220 F.3d 112, 119 (3d Cir. 2000). But, if the ALJ's decision is adequately explained and supported, the Court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992). It does not matter if this Court "acting *de novo* might have reached a different conclusion" than the Commissioner. *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986). Finally, the Third Circuit has made clear that "*Burnett* does not require the ALJ to use particular language or adhere to a particular format in conducting his [or her] analysis. Rather, the function of *Burnett* is to ensure that there

---

[1] "R." refers to the Administrative Record, which uses continuous pagination and can be found at ECF No. 5.
[2] The Court recognizes that the regulations are current through the July 17, 2017 issue of the Federal Register as pursuant to 82 F.R. 8346, a "Regulatory Freeze Pending Review" has been imposed and therefore certain regulations will be delayed pending further review. However, because this motion was filed prior to July 17, 2017, the Court will rely on the regulations as promulgated in the Code of Federal Regulations.

is sufficient development of the record and explanation of findings to permit meaningful review." *Jones*, 364 F.3d at 505.

### III. THE FIVE STEP EVALUATION PROCESS TO DETERMINE DISABILITY UNDER THE ACT

The Social Security Act authorizes the Administration to pay a period of disability, disability insurance benefits and supplemental security income to disabled individuals. 42 U.S.C. §§ 423 (a); 1382. Pursuant to the Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423 (d)(1)(A). A person is unable to engage in substantial gainful activity when his physical or mental impairment(s) are "of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of work which exists in the national economy." 42 U.S.C. § 423 (d)(2)(A).

The Regulation promulgated under the Act sets forth a five-step process to be used by the ALJ to determine whether or not the claimant is disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(1), 416.920(a)(1). The claimant bears the burden of proof at steps one through four whereas the Administration bears the burden at step five. *Poulos v. Comm'r of Soc. Sec.*, 474 F. 3d 88, 92 (3d Cir. 2007) (citing *Ramirez v. Barnhart*, 372 F. 3d 546, 550 (3d Cir. 2004)). The first step in the sequential evaluation process requires that the ALJ determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520 (a). If it is found that the claimant is engaged in substantial activity, the disability claim will be denied. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Alternatively, if it is found that the claimant is not engaged in substantial gainful activity the evaluation proceeds to step two. *Id.* At step two, the ALJ must

3

determine whether the claimant suffers from a severe impairment. 20 C.F.R. § 404.1520 (c). If the claimant fails to show that her impairments are "severe," she is ineligible for disability benefits. However, if the ALJ finds that the showing indicates claimant's disability is severe, the analysis proceeds to step three. At step three, the ALJ then evaluates whether the claimant's severe impairment is listed or is equivalent to an impairment set forth by the Code. 20 C.F.R. § 404.1520 (d). If a claimant does not suffer from a listed impairment or its equivalent, the analysis proceeds to step four. Step four requires that the ALJ make specific findings of fact as to the claimant's residual functional capacity ("RFC") and also as to the mental and physical demands of the claimants past relevant work. After both of these findings are made, the ALJ must compare the RFC to the past relevant work to determine whether Claimant retains the RFC to perform the past relevant work. 20 C.F.R. § 404.1520 (d). The claimant bears the burden of demonstrating an inability to return to her past relevant work. *Adorno v. Shalala*, 40 F.3d 43, 46 (3d Cir.1994). If at step four, the evaluation indicates that the claimant is unable to resume past relevant work or any employment history does not qualify as past relevant work, the evaluation moves to step five. *Jones*, 364 F.3d at 503. The final step shifts the burden of proof to the "Administration to show that the claimant is capable of performing other jobs existing in significant numbers in the national economy, considering the claimant's age, education, work experience and [RFC]." *Ramirez*, 372 F.3d at 551; 20 C.F.R. § 404.1520(f). The ALJ must analyze the cumulative effect of all the claimant's impairments in determining whether she is capable of performing work and is not disabled. *Jones*, 364 F.3d at 503.

Additionally, under the Act, disability must be established by objective medical evidence. To this end, "[a]n individual's statement as to pain or other symptoms shall not alone be conclusive

evidence of disability as defined in this section." 42 U.S.C. § 423(d)(5)(A). Instead, a finding that one is disabled requires:

> [M]edical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all evidence required to be furnished under this paragraph . . . would lead to a conclusion that the individual is under a disability.

*Id.*; *see* 42 U.S.C. § 1382c(a)(3)(A). Factors to consider in determining how to weigh evidence from medical sources include: (1) the examining relationship; (2) the treatment relationship, including the length, frequency, nature, and extent of the treatment; (3) the supportability of the opinion; (4) its consistency with the record as a whole; and (5) the specialization of the individual giving the opinion. 20 C.F.R. § 404.1527(c).

## IV. DISCUSSION

After applying the five-step evaluation process, ALJ Krappa determined that Plaintiff had not been under a disability within the meaning of the Act from January 24, 2011 through July 15, 2015, the date of the administrative decision. R. at 33. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 24, 2011, the alleged date of onset. Id. at 25. At step two, ALJ Krappa determined that Plaintiff suffered from the following severe impairments: osteoarthritis, a disorder of the back, a disorder of the right knee, a disorder of the right shoulder, affective disorder, anxiety disorder, and substance abuse (20 C.F.R. §§ 404.1520(c) and 416.920(c)). Id.

Thereafter, at step three, the ALJ opined that Plaintiff's impairments or a combination of impairments neither met nor medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526,

5

416.920(d), 416.925 and 416.926). Id. Before proceeding to step four, ALJ Krappa set forth that Plaintiff had the RFC to:

> Perform the *exertional demands* of light work as defined under the Regulations; specifically, he is able to: lift/carry 20 lbs. ocassionaly and 10 lbs. frequently; stand/walk for 6 hours in an eight hour work day; sit for 6 hours in an eight hour work day (if given the opportunity at the 45 min.-1 hr. mark to stand and stretch for 3-5 minutes); and perform unlimited pushing and pulling within the weight restriction given, except that the claimant is able to perform frequent (as opposed to unlimited) reaching overhead with right upper extremity.
>
> Moreover, regarding the *postural and environmental* demands of work, [the ALJ found] that the claimant is able to perform jobs: that require only occasional use of ladders, ropes, or scaffolds; that require frequent (as opposed to unlimited) use of ramps or stairs; and that require unlimited balancing, stooping, kneeling, crouching, but frequent crawling.
>
> Furthermore, as to the *mental demands* of work, [the ALJ found] that the claimant is able to perform jobs: that are simple and repetitive; that are low stress (that is, these jobs require only an occasional change in the work setting during the workday, only occasional change in decision making required during the workday, and, if production based, production is monitored at the end of the day or week, rather than consistently throughout it); and that require only occasional contact with supervisors, co-workers, and/or the general public.

Id. at 26-27. Next, at step four, ALJ Krappa found that Plaintiff is unable to perform any past relevant work (20 C.F.R. §§ 404.1565 and 416.965). Id. at 31.

At the final step, after considering the Plaintiff's age, education, work experience and RFC, ALJ Krappa determined that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform (20 C.F.R. §§ 404.1569, 404.1569(a), 416.969 and 416.969(a)). Id. at 32. In making the final determination, the ALJ also took into account the testimony of vocational expert Ms. Tanya M. Edghill (hereinafter "Ms. Edghill" or "VE"). Id. at 22. Ms. Edghill testified that jobs exist in the national economy that an individual with the claimant's age, education, work experience and RFC would be capable of performing. Id. These occupations include: ticket printer and tagger (DOT # 652.685-094) of which in excess of 120,000 positions exist nationally, garment folder (DOT # 789.687-066) of which in excess of 150,000

positions exist nationally, and labeler (DOT # 920.687-126) of which in excess of 170,000 positions exist nationally. Id.

Pursuant to SSR 00-4p, ALJ Krappa determined that the Ms. Edghill's testimony was consistent with the information contained in the Dictionary of Occupational Titles. Id. ALJ Krappa concluded that, based on Ms. Edghill's testimony, and in consideration of Plaintiff's age, education, work experience and RFC, Plaintiff is capable of making a successful adjustment to other work that exists in significant numbers in the national economy and therefore a finding of not disabled is appropriate within the framework. Id. at 33.

Plaintiff sets forth two arguments in support of the instant appeal. First, Plaintiff argues that ALJ Krappa failed to weigh all the medical opinion evidence. (ECF No. 9, Pl.'s Br. 12). Second, Plaintiff contends that ALJ Krappa failed to properly evaluate Plaintiff's credibility. Id. 17. The Court agrees with Plaintiff and for the reasons discussed below, determines that substantial evidence does not support ALJ Krappa's decision.

### A. The ALJ Failed to Properly Weighed the Medical Opinion Evidence

Plaintiff argues ALJ Krappa failed to properly weigh all the medical opinion evidence. Pl.'s Br. 12. In support of his argument, Plaintiff contends that ALJ Krappa erred by affording "little weight" to the opinions of treating physician, Dr. Maher Badri, M.D. ("Dr. Badri") because ALJ Krappa fails to specify the medical evidence upon which she bases this finding. Id. 13. Plaintiff further asserts that ALJ Krappa's determination affording little weight to Dr. Badri rests solely on Plaintiff's testimony; Plaintiff contends that the specific evidence credited by ALJ Krappa regarding Plaintiff's activities of daily living are not inconsistent with a finding of disability. Id. 14. Plaintiff argues that because of this and because examinations within the record confirm Dr. Badri's assessments, substantial evidence does not support ALJ Krappa's determination as Dr.

7

Badri's opinions should have been given controlling weight. Id. 15.

In opposition, Defendant contends that ALJ Krappa's finding affording little weight to Dr. Badri's medical opinions is supported by substantial evidence because Dr. Badri's assessments are not supported by clinical evidence and also are not consistent with other substantial evidence and therefore should be afforded significantly less weight. Def.'s Br. 11. The Court agrees with Plaintiff and remands this matter for further proceedings consistent with this Opinion.

An ALJ must consider the opinions of treating physicians; "[t]he law is clear . . . that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity" where it is not well supported or there is contradictory evidence. *Chandler*, 667 F.3d at 361 (alteration in original) (quoting *Brown v. Astrue*, 649 F.3d 193, 197 n.2 (3d Cir. 2011)); 20 C.F.R. § 404.1527(c)(2); *see also Coleman v. Comm'r. of Soc. Sec. Admin.*, 494 Fed App'x 252, 254 (3d Cir. Sept. 5, 2012) ("Where, as here, the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit but cannot reject evidence for no reason or for the wrong reason.") (quoting *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000)); *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999) ("An ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, but may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided."); 20 C.F.R. § 404.1527(c)(3) ("The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion. The better an explanation a source provides for an opinion, the more weight we will give that opinion.").

The record indicates Dr. Badri as Plaintiff's treating medical physician and that Dr. Badri examined Plaintiff on January 13, 2013, February 6, 2013, and February 15, 2015. R. at 30-31.

On January 30, 2013, Dr. Badri diagnosed Plaintiff with bipolar disorder, post-traumatic stress disorder, opioid addiction, partially frozen right shoulder, right wrist surgery and right knee surgery. R. at 654. The record also demonstrates Dr. Badri's prognosis of Plaintiff as disabled. Id. at 654. In an eight-hour workday, Dr. Badri determined that Plaintiff could sit no more than an hour and could not stand or walk for up to an hour. Id. at 656. Dr. Badri's assessment indicated that Plaintiff's limitations preclude him from "grasping, turning [or] twisting objects", that Plaintiff experienced right shoulder limitations, that he had moderate limitations in using his fingers and hands for fine manipulations, and moderate limitations in using his arms for reaching, including overhead. Id. at 657-58. Dr. Badri further noted Plaintiff suffers from psychological limitations as well as an inability to push, pull, kneel, bend or stoop, which limitations affect his ability to work at a regular job on a sustained basis. Id. at 660.

Furthermore, ALJ Krappa's decision first sets forth that Plaintiff:

> Indicated that he had pain on the whole right side, for which he took pain medication. He said he could walk two blocks and then had to stop due to dizziness. He described getting dizziness from medication. The claimant said he could stand for 15 minutes and then the pain started at the knee. He stated he could only sit for five minutes. He admitted he could lift a gallon of milk.

Id. at 27. Plaintiff testified that pain in his shoulder and issues with his hand affect his daily activities in that he is unable to feel anything in his wrist and experiences a great deal of pain in his shoulder when he attempts to lift something. Id. at 60. Plaintiff's administrative testimony provides that Plaintiff is unable to bend due to pain in his right knee. Id. Plaintiff asserted that if he sits down, his "knee would bother [him]." Id. at 58.

The administrative decision set for that ALJ Krappa gave "little weight to the opinions of Dr. Badri [because] they are not supported by the medical evidence or the claimant's own statements." Further, ALJ Krappa asserted that "the limitations the doctor suggests are inconsistent with the

9

range of daily activities that the claimant reported during the application process and at the hearing. ... There is no evidence that Dr. Badri knew of the extent of the claimant's activities of daily living when he reached his conclusions regarding the claimant's greatly reduced functional capacity." The administrative decision further set forth "[the ALJ found] the claimant's activities to be significant evidence that is inconsistent with Dr. Badri's opinion. As a result [ALJ Krappa gave] his opinion little weight." Id. at 51. ALJ Krappa further notes that there is no evidence that Dr. Badri knew of the extent of Plaintiff's activities of daily living when he determined Plaintiff's reduced functional capacity. Id. at 31.

As noted above, in rendering her decision, ALJ Krappa opined that the medical evidence of record does not support Dr. Badri's opinions, however ALJ Krappa fails establish the medical evidence that does not support Dr. Badri's assessments as the medical evidence of record is consistent with medical opinions within the record. Furthermore, in support of her determination to give little weight to Dr. Badri's opinions, ALJ Krappa summarizes the range of daily activities that the Plaintiff reported during the application process and at the hearing. Id. at 31. ALJ Krappa noted that "Plaintiff reported that he is able to: prepare his own meals; use public transportation and travel in his car; shop in stores; handle his finances; watch TV and follow spoken instructions." Id. at 31.

The Court finds the ALJ's determination to give little weight to the opinions of Dr. Badri are not supported by substantial evidence because the administrative decision failed to substantiate the purported inconsistencies of Dr. Badri's medical assessments within the record and further the record does not demonstrate that the medical opinions of other physicians are inconsistent with Dr. Badri's opinions. For example, the administrative decision sets forth that Dr. Elsayed Sahloul, M.D. ("Dr. Sahloul") "stated that the claimant had right shoulder tendonitis and anxiety. It was

noted that he had less right shoulder pain" on March 1, 2011. R. at 28. ALJ Krappa further explained Dr. Sahloul "stated that the claimant had continued shoulder pain and less anxiety." Id. ALJ Krappa set forth that "[c]linical notes dated December 26, 2014, stated that the claimant had the following diagnoses: right shoulder pain; opioid addiction; and bipolar disorder. He had decreased range of motion of the right shoulder and right wrist. There was crepitus in the right knee." Id. at 31.

"[A] court must assess whether the ALJ, when confronted with conflicting evidence, 'adequately explain[ed] in the record his reasons for rejecting or discrediting competent evidence.'" *Ogden v. Bowen*, 611 F. Supp. 273, 278 (M.D. Pa. 1987) (citing *Brewster v. Heckler*, 786 F.2d 581 (3d Cir. 1986)). If the ALJ fails to properly indicate why evidence was discredited or rejected, the Court cannot determine whether the evidence was discredited or simply ignored. *See Burnett v. Comm'r of Soc. Sec*, 220 F.3d 112, 121 (3d Cir. 2000). Here, ALJ Krappa failed to indicate the medical evidence that conflicted with Dr. Badri's assessment and further the medical opinions cited by ALJ Krappa are not inconsistent with Dr. Badri's medical assessments nor is Plaintiff's testimony regarding his daily activities. Therefore, this Court remands this matter for further analysis consistent with this Opinion.

### B. ALJ Krappa's Credibility Determination is Not Supported by Substantial Evidence

In support of his motion, Plaintiff additionally contends that his testimony regarding his symptoms and resulting limitations, his limited activities of daily living and his lack of response to treatment is consistent with the underlying record and therefore the ALJ failed to properly evaluate Plaintiff's credibility. Pl.'s Br. 17. Plaintiff argues that the ALJ did not provide a sufficient analysis of the medical evidence that contradicted Plaintiff's description of his medical

condition. Id. 19.

In turn, Defendant argues ALJ Krappa's credibility determination is supported by substantial evidence because Plaintiff's activities of daily living confirm greater functioning than alleged by Plaintiff. Def.'s Br. 15. The Court agrees with Plaintiff and determines that the ALJ's credibility determination regarding Plaintiff's testimony is not supported by substantial evidence.

After explaining Plaintiff's testimony from the administrative hearing regarding his symptoms, ALJ Krappa opined that Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely credible for the reasons discussed in ALJ Krappa's decision. R. at 28. Plaintiff testified that he experiences pain in his right knee due to a feeling of "bone-on-bone contact when [he is] standing ...or walking, because of the meniscus sheath [being] taken out." Id. at 59. Plaintiff further asserted that he has issues with his shoulder and hand as he experiences a great deal of pain. Id. at 60. Plaintiff testified that he has trouble standing for more than fifteen minutes because after fifteen minutes, he begins to experience pain in his knee. Id. at 49. In regards to sitting, Plaintiff asserted that he is able to sit for about forty-five minutes. Id. Further, Plaintiff testified that he could lift a gallon of milk but was unable to lift ten pounds. Id. at 50.

The ALJ must consider all of the available evidence when evaluating the intensity and persistence of a claimant's symptoms, including objective medical evidence and a claimant's statements about his symptoms. 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1); see also *Hartranft v. Apfel*, 181 F.3d 358, 362 (3d Cir. 1999) ("This obviously requires the ALJ to determine the extent to which a claimant is accurately stating the degree of pain or the extent to which he or she is disabled by it."). However, an ALJ is not required to accept Plaintiff's testimony without question. The ALJ has discretion to evaluate Plaintiff's credibility and render an independent judgment in

light of the medical findings and other evidence regarding the true extent of the alleged symptoms. *Malloy v. Comm'r of Soc. Sec.*, 306 F. Appx. 761, 765 (3d Cir. 2009) ("Credibility determinations as to a claimant's testimony, regarding pain and other subjective complaints are for the ALJ to make.") (citing *Van Horn v. Schweiker*, 717 F.2d 871, 873 (3d Cir. 1983)).

Although the ALJ has discretion to render an independent judgment in light of the medical assessments, the finding must be supported by substantial evidence and evidence in the record. Here, ALJ Krappa fails to provide any analysis as to why she determined Plaintiff's statements concerning the intensity, persistence and limiting effects of Plaintiff's symptoms as not being entirely credible. ALJ Krappa sets forth that the reasons are explained in her decision, however, the opinion fails to provide sufficient analysis to support the finding. *See* R. at 29. For the foregoing reasons, the matter is remanded in order to provide sufficient analysis to support the ALJ's findings.

## V. CONCLUSION

After reviewing the administrative record in its entirety and for the reasons discussed above, the Court finds that the ALJ's determination that the Plaintiff is not disabled is not supported by substantial evidence. Accordingly, ALJ Krappa's decision is remanded for further analysis consistent with this Opinion. An appropriate Order follows.

DATED: August 18, 2017

JOSE L. LINARES
CHIEF JUDGE, U.S. DISTRICT COURT